## V. G. BELL, CHARLES SCHARDIN, AND EGBERT JUDSON v. THE BED ROCK TUNNEL AND MINING COMPANY.

PROOF OF ABANDONMENT ADMISSIBLE UNDER DENIAL OF TITLE.—Evidence of the abandonment of a mining claim by a party suing to recover the same is admissible, without a special plea thereof, under a denial of title in the plaintiff, pleaded by the defendant.

ABANDONMENT OF MINING CLAIM—EVIDENCE.—As to support the plea of abandonment it must appear from the evidence that there was a leaving of the claim, without any intention of returning or making any further use of it, so it is competent for the opposite party to prove, in rebuttal, any acts explanatory of the leaving which tend to show that it was not accompanied with an intention not to return.

IDEM.—To an action for the possession of a mining claim, the defendant pleaded in defense, first, a denial of the plaintiffs' title; and, second, a forfeiture of the same by the plaintiffs, under the mining rules and regulations of the district embracing the claim. At the trial the defendant introduced testimony tending to prove that about two years before suit brought, the plaintiffs, or their grantors, who prior thereto had possessed and worked said claim, removed therefrom all tools and implements of mining, and ever since had ceased in any manner to

work upon or occupy the same. The plaintiffs, in rebuttal, offered to prove that about nine months before suit brought, one W., on behalf of the defendant, offered to purchase of them said claim, and that they refused to sell. The Court rejected the offered testimony, upon the defendant's objection thereto on the grounds of irrelevancy, and that no authority had been shown in W. to act in the premises on behalf of the defendant. *Held*, first, that under the defendant's denial of plaintiffs' title, evidence of abandonment of said claim by plaintiffs was admissible, without special plea thereof; second, that as said evidence introduced by defendants tended to prove such abandonment, it was equally relevant under both of said defenses; and third, that as said testimony offered by the plaintiffs tended to disprove said abandonment, the Court erred in rejecting the same.

FORFEITURE OF MINING CLAIM.—The failure of a party to comply with a mining rule or regulation, cannot work a forfeiture of his title thereto, unless the rule itself so provides.

IDEM—CHARGE TO JURY.—In charging the jury upon the question of such forfeiture, the Court should narrow its charge to such rules or regulations as expressly provides that a non-compliance with their provisions shall be cause of forfeiture.

APPEAL from the District Court, Fourteenth Judicial District, Nevada County.

This action was commenced December 13th, 1867.

The other facts are stated in the opinion of the Court.

*A. C. Niles*, for Appellants.

The Court erred in rejecting appellants' proffered evidence in rebuttal. The defendant had pleaded both a denial of appellants' title to the demanded mining claim and a forfeiture of the same by them. Respondent might support its denial of appellants' title by proof of abandonment by appellants. (*Wilson* v. *Cleaveland*, 30 Cal. 201.)

The testimony introduced by the respondent, to which the rejected testimony was offered in rebuttal, directly tended to support both of said issues so raised by respondent. The rejected testimony clearly tended to rebut any presumption of abandonment of the claim by appellants, arising from the facts put in evidence by respondent. (*St. John* v. *Kidd*, 26 Cal. 272; *Keane* v. *Cannovan*, 21 Cal. 303; *Richardson* v. *McNulty*, 24 Cal. 243; *Wilson* v. *Cleaveland*, 30 Cal. 201.)

The Court erred in giving to the jury respondent's instruction. It leaves out of consideration entirely the essential

element that the rule alleged to be violated *must make non-compliance a cause of forfeiture.*

A party who claims a forfeiture under a mining law must show the case within the strict letter of the rule. (*Coleman* v. *Clements*, 23 Cal. 248; *McGarrity* v. *Byington*, 12 Cal. 431; *Gallagher* v. *Williamson*, 23 Cal. 334.)

*Sargent & Reardon,* for Respondent.

The Court properly rejected appellants' proffered evidence, because it did not tend to rebut any proof put in by respondent. The proof to which it is claimed to be in rebuttal was not introduced to prove abandonment of the mining claim by appellants, but to establish a forfeiture of the same, and that appellants' right of action was barred under the Statute of Limitations; both of which defenses were specially pleaded, while abandonment was not. The proof put in by respondent was clearly relevant under both of said issues raised by respondent. Under such circumstances it will not be presumed that it was likewise introduced in support of another issue not raised. Moreover, to entitle a party to a reversal of judgment, it is not sufficient to show that error *may* have intervened, but it must be affirmatively shown by the record. (*White* v. *Wentworth*, 3 Cal. 426.)

The instruction given to the jury is not obnoxious to the objections raised against it by appellants. But if it were conceded to be in some view wanting in explicitness, yet no substantial error is by its terms affirmatively shown, and, therefore, furnishes no ground for disturbing the judgment. (*White* v. *Wentworth*, 3 Cal. 346; *Nelson* v. *Lemmon*, 10 Cal. 50; *Nelson* v. *Mitchell*, 10 Cal. 93: *People* v. *Levison*, 16 Cal. 100.)

By the Court, SANDERSON, J.:

This is an action to recover the possession of certain mining ground called the Monte Christo Claims. The defenses, so far as they illustrate the grounds of the appeal, are: *First*— A denial of the plaintiffs' title; and *Second*—Forfeiture of their title under the mining rules and regulations of the district in which the Monte Christo Claims are situated. In the Court below judgment passed for the defendant. The plaintiffs moved for a new trial, which was denied, and then appealed.

Two points are made by appellant. *First*—Error of the Court in excluding certain testimony offered by the plaintiffs; and *Second*—In giving an instruction in relation to the question of forfeiture.

1. During the trial the defendant introduced testimony tending to show that in the Fall of 1865 the plaintiffs, or their grantors, who had been theretofore working the Monte Christo Claims, ceased working the same, and removed their sluices, quicksilver, and tools, and had not since worked upon or used the claims. In rebuttal of this testimony, the plaintiffs offered to prove that in March or February, 1867, one Williams offered to purchase the Monte Christo Claims from them, and that they refused to sell; and that the offer was made by Williams on behalf of the defendant. To this the defendant objected, upon the ground of irrelevancy, and also upon the ground that no authority was shown in Williams to act in the matter on behalf of the defendant. The objection was sustained, the plaintiffs excepting.

The testimony before offered by the *defendant* was relevant to two distinct defenses: 1st. The denial of the plaintiffs' title; 2d. Its forfeiture under the mining rules and regulations. It was relevant to the first, because it tended to prove an abandonment by the plaintiffs long prior to the commencement of the action, and, therefore, that they had no title to the Monte Christo Claims at the date of the alleged

28

entry of the defendant, for, although abandonment was not specially pleaded, evidence of abandonment was admissible on the question of the plaintiffs' title. (*Wilson* v. *Cleaveland,* 30 Cal. 192.) If, then, the defendant offered the testimony for the purpose, in whole or in part, of showing an abandonment, the testimony of Williams should have been received in rebuttal of the abandonment, for such was its tendency. As we held in *St. John* v. *Kidd,* 26 Cal. 263, in order to sustain an allegation of abandonment, it must appear that there was a leaving of the claim without any intention of returning, or making any further use of it. The leaving being established, it is competent for the opposite party to show any acts explanatory of the leaving, which tend to show that it was not accompanied with an intent not to return. Thus, in *Richardson* v. *McNulty,* 24 Cal. 339, we held that a judgment roll in an action by Richardson to recover the same ground against other parties was admissible upon the question of the intent with which he had left the ground, and tended to show that he had not left with the intent not to return. We also held the same doctrine in *Wilson* v. *Cleaveland, supra;* and in conclusion, said: "Upon a question of abandonment, as upon a question of fraud, a wide range should be allowed, for it is generally only from facts and circumstances that the truth is to be discovered, and both parties should be allowed to prove any fact or circumstance from which any aid for the solution of the question can be derived."

As already suggested, the testimony offered by the defendant was also relevant to the question of forfeiture, and had counsel stated that they did not rely upon it as showing an abandonment, but only as showing a forfeiture, the ruling of the Court would not have been erroneous, for the question of intent is not involved in the question of forfeiture. (*St. John* v. *Kidd, supra.*) There is nothing in the transcript, however, showing that counsel did not rely upon abandonment as a defense, and we cannot, therefore, say that the ruling was not erroneous.

2. The instruction to which exception is taken relates to the question of forfeiture, and was given in the following words: "If the jury believe from the evidence that an essential requirement of the mining laws and customs of the district in which the ground in controversy is situated is that a certain amount of work should be done on a mining claim, and that after sufficient work has been done to hold it, in order to entitle the holder or locator to suspend work for two years, he must give notice to that effect, and have it recorded and renewed every six months; and if the jury should further believe from the evidence that the plaintiffs, or their grantors, have not substantially complied with these requirements of the customs, they will find for defendant, provided they also believe that whilst the ground was subject to be jumped the defendant located it in accordance with the mining rules and customs, and has ever since held it in accordance with the same."

The objection taken to this instruction is that it directs the jury to find for the defendant if they find from the evidence that the plaintiffs had failed to comply with certain mining rules and regulations, without accompanying the same with a further charge, as to whether those rules and regulations declared a forfeiture as the result of such non-compliance. The failure of a party to comply with a mining rule or regulation cannot work a forfeiture unless the rule itself so provides. (*McGarrity* v. *Byington*, 12 Cal. 426.) There may be rules and regulations which do not provide that a failure to comply with their provisions shall work a forfeiture; if so, a failure will not work a forfeiture; hence, in charging a jury upon a question of forfeiture, the charge should be narrowed to such rules as expressly provide that a non-compliance with their provisions shall be cause of forfeiture. If there was no other point in the case, we might not feel justified in reversing the judgment on this ground, but the instruction is not so carefully guarded in the particular indicated as it should be. We find nothing in the remain-

ing instructions which breaks the force of the appellants' objection to the one under consideration.

Judgment and order reversed, and a new trial granted. It is further ordered, that the remittitur be issued forthwith.

CROCKETT, J., concurring specially:

I concur in reversing the judgment on the first point discussed in the opinion.