[No. 11331.   Department Two. — May 19, 1888.]

# E. D. SPARROW, Appellant, *v.* ALPHONSO A. H. RHOADES, Respondent.

EJECTMENT — GENERAL DENIAL — EVIDENCE OF INVALIDITY OF DEED — CONSIDERATION. — Under a general denial in an action of ejectment, in which the plaintiff claims title under a deed from the defendant, evidence is admissible to show that the consideration of the deed under which the plaintiff bases his title and right of entry was illegal, and that the deed was therefore void.

APPEAL from a judgment of the Superior Court of Sonoma County.

This is an action in ejectment, brought to recover possession of two tracts of land. The plaintiff bases his claim upon two deeds executed by the defendant, each purporting to convey one of said tracts. The deeds were executed under the following circumstances: To one of these tracts the defendant had a perfect title; to the other he had no title, having simply settled upon it with a view to its pre-emption, it being public land of the United States. The plaintiff desired to purchase the tract to which defendant had title, and the sum of one thousand dollars was agreed upon as the purchase price. Of this only three hundred dollars was to be paid in cash, and the balance to be paid as follows: The defendant was to convey or sell to plaintiff the public land to which defendant had no title, but merely a right of pre-emption, which could not be transferred under section 2263 of the Revised Statutes of the United States. After the conveyance the plaintiff was to go into possession of the public land, settle upon it, in the course of time acquire a patent, and then transfer it to defendant as and for the sum of seven hundred dollars, the balance of the consideration. The agreement, however, was but partially executed. Although the defendant conveyed the property, he retained possession of both tracts; and there-

upon the plaintiff brought this action. The court below held, that inasmuch as the consideration of the deeds was entire, and in part illegal, the deeds were void *ab initio*, and transferred nothing to the plaintiff, and thereupon rendered judgment in favor of the defendant. From this judgment the plaintiff appeals, and relies for reversal upon the ground that the findings of the court, in so far as they are favorable to the defendant, are not embraced within the issues.

The complaint is in the ordinary and usual form of complaints in actions in ejectment, and the answer is a general denial. The further facts are stated in the opinion.

*Henley & Oates,* and *R. M. Swain,* for Appellant.

The evidence of the illegality of the consideration of the deeds was inadmissible under the general issue, and the findings thereon were outside the issues. (Bliss on Code Pleading, sec. 330; *Stanford Paving Co.* v. *Monheimer,* 41 N. Y. Sup. Ct. 184; *Baker* v. *Bailey,* 16 Barb. 54; *Whitman* v. *Lake,* 32 Wis. 189; *People* v. *San Francisco,* 27 Cal. 656; *Moule* v. *Crawford,* 41 Hun, 193; *California Steam Nav. Co.* v. *Wright,* 8 Cal. 585; *Dillage* v. *Parks,* 31 Barb. 132; *Wright* v. *Wright,* 54 N. Y. 437; *Smith* v. *Dunning,* 61 N. Y. 249.) In all cases when the instrument evidencing the contract involved in the action imports a consideration, and there is no allegation of consideration in the complaint, a want of consideration cannot be proven under the general denial, but it must be specially pleaded in the answer. (*Bingham* v. *Kimball,* 17 Ind. 396; *Philbrooks* v. *McEwan,* 29 Ind. 347; *Nelson* v. *White,* 61 Ind. 139; *Smith* v. *Flock,* 95 Ind. 110; *Patterson* v. *Gile,* 1 Col. 200; *Hammond* v. *Earle,* 58 How. Pr. 426; *May* v. *Beenor,* 13 Abb. N. C. 384; *Mathews* v. *Leaman,* 24 Ohio St. 615.) Illegality of consideration is the same as want of consideration. (*Wilkins* v. *Riley,* 47 Minn. 306.)

*George D. Collins*, and *John A. Wall*, for Respondent.

The evidence of the illegality of the consideration was properly admitted. (Pomeroy's Remedies and Remedial Rights, secs. 666, 670, 679; *Lain* v. *Shepardson*, 23 Wis. 224, 228; *Mather* v. *Hutchinson*, 25 Wis. 27; *Miles* v. *Lingerman*, 24 Ind. 385; *Marshall* v. *Shafter*, 32 Cal. 178.)

FOOTE, C.—This is an action of ejectment. The court below, sitting without a jury, gave judgment in favor of the defendant, from which, upon the judgment roll only, the plaintiff appeals.

The points made for the reversal of the judgment are, that under the general denial of the answer to the allegations of the complaint, it was inadmissible to introduce any evidence to show that the consideration of the deed upon which the plaintiff based his title and right of entry was illegal and the deed void; and that the finding of the court upon such evidence was outside of the issues made by the pleadings, and should be disregarded, in which event judgment would necessarily have been given for the plaintiff.

The finding complained of, which is conceded to have been supported by sufficient evidence, is to the effect that the real consideration of the deed under which plaintiff claimed was three hundred dollars, and an agreement by the plaintiff that he would, as a pre-emptor, procure a title from the United States to a part of the land embraced in the deed, and reconvey the same to the defendant, who was in possession of it. This, of course, involved the taking of an oath required by section 2262 of the Revised Statutes of the United States, with a present intention to violate it.

Under a general denial in an action of ejectment the defendant has a right to introduce in evidence any fact which might show or tend to show that the plaintiff had no right of entry when the suit was brought. (*Kimball*

v. *Gearhart*, 12 Cal. 50; *Bell* v. *Brown*, 22 Cal. 672; *Will-son* v. *Cleaveland*, 30 Cal. 201; *Bell* v. *Bed Rock T. & M. Co.*, 36 Cal. 219; *Semple* v. *Cook*, 50 Cal. 29.)

"In an action to recover possession of land, if the complaint is in the usual form, merely averring that the plaintiff is the owner in fee of the premises described and entitled to their possession, and that the defendant unlawfully withholds the same, the general denial admits proof of anything that tends to defeat the title which the plaintiff attempts to establish on the trial." (Pomeroy's Remedies and Remedial Rights, sec. 679.)

The deed which the plaintiff introduced as the evidence of his title and right of entry to the premises of which he sought possession was void, because the statute expressly declares it to be so. (Section 2262 of the Revised Statutes, *supra.*)

Under the general denial of the answer, evidence was admissible to show that the title, which on the face of the deed appeared to have passed to the plaintiff, could not have done so, and that the deed was worthless as a muniment of title, or, as that under which a right of entry accrued to the plaintiff, even although the fact that the deed was void by reason of an illegal consideration was not set up by special plea in confession and avoidance.

The general denial of the defendant was in effect that he denied the plaintiff's title and right of entry, the proof to sustain which was, that the deed under which the plaintiff claimed was in fact no deed at all, — of no more value to convey title than a piece of blank paper, and utterly valueless as evidence of title.

The result of showing that the plaintiff's deed from the defendant was void was to prove title in the defendant, and this has been held to be admissible under the general denial in *Marshall* v. *Shafter*, 32 Cal. 177.

The proof went to show directly that the plaintiff's claim of title to and right of entry upon the land in the possession of the defendant was and is without merit.

It is not evidence merely to support a special plea of confession and avoidance; it is evidence which tends absolutely to contradict the fact that the plaintiff is entitled to the possession of the premises.

It is not an effort to show that notwithstanding the plaintiff may have had the right of entry under that deed, he has by some other independent and separate line of inequitable conduct lost it; it is an effort to show that he never had any right of possession at all.

If the evidence was admissible, the court did right in making a finding thereon, and the judgment should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.