Kammerling v. Grover.

Filed April 4, 1894.

---

### No. 1,050.

### KAMMERLING v. GROVER.

PLEADING.—*Complaint, Sufficiency of.*—*Breach of Contract.*—*Easement.* —*Right of Way.*—*Damages.*—A complaint setting forth the facts that the plaintiff purchased of the defendant a certain tract of land, a ] art consideration for the purchase being that defendant, according to written agreement made a part of the complaint, which was never recorded, would give plaintiff a right of way over his land, which defendant did, which, after being used and traveled for several years, fell into disuse and ceased to be traveled, and the track thereof became partly obliterated and cultivated, so as not to be notice to purchasers, of the existence of a way; that, while the way was in such condition, defendant sold the land containing such way, without disclosing to the purchaser plaintiff's rights in the land, and said purchaser having no knowledge, actual or constructive, of plaintiff's rights over and across the same, denies the right of plaintiff to use the same; that by reason thereof plaintiff has been damaged, etc.,—does not state a cause of action.

From the Decatur Circuit Court.

*C. Ewing,* for appellant.

*J. D. Miller,* for appellee.

LOTZ, J.—The appellant was the plaintiff, and the appellee the defendant, in the court below.

In his complaint, the appellant averred "that on the 3d day of October, 1868, he bought of the defendant thirty acres of land near the city of Greensburg, lying south of the Brookville road, in the S. W. ¼ of the N. E. ¼ of section 12, township 10, range 9; that at the time of said purchase said lands had no outlet to any public highway, and, in consideration that the plaintiff would buy the same of the defendant, the said defendant then and there agreed in writing, a copy of which is filed herewith and made a part hereof, that he, the defendant, would give the plaintiff an outlet or road, to be twenty-five feet wide, on and across the lands of the defendant, which lay between the Brookville road and said land, a distance of about forty rods, and to erect a bridge across Sand creek, at his own expense, twelve feet wide; that the plaintiff, on the faith of this written promise, purchased said land of the defendant, and paid therefor the sum of $———; that said defendant afterwards erected said bridge, according to contract, and opened said way, which was used and traveled for several years, when the same fell into disuse, and ceased to be traveled, and the track of said way became partly obliterated and cultivated, so as not to be notice to purchasers of the existence of a way.

"And while said way was in this condition, the defendant, in violation of plaintiff's rights, sold and conveyed his lands over which said way passed, to Joseph R. Davidson, on the ——— day of March, 1885, for a valuable consideration, and without disclosing the plaintiff's rights in said land; that the contract in suit has never been recorded in any public record in said county, and the said Davidson had no actual knowledge of its existence, nor had he any actual or constructive knowledge of the plaintiff's rights over and across the lands of said defendant, so conveyed to said Davidson,

over which said way passed, and he now denies the right of said plaintiff to use the same; that the lands so bought of said defendant, and now owned by plaintiff, have no connection with any public highway, nor has the plaintiff any legal private way or easement to give him access to his lands as a matter of right, but is wholly dependent on surrounding land-owners for the privilege of getting across to his lands; that by reason of the defendant's wrong aforesaid, in depriving the plaintiff of his way, his lands have been rendered worthless, and he has been damaged in the sum of $1,000, for which he demands judgment, and for all proper relief.''

The written agreement referred to is in these words:

''Whereas, on the 3d day of October, 1868, I have bargained and sold to Frederick Kammerling, about thirty acres of land, described in a deed of this date to him, and a part of the consideration of the same is that I shall give a right of way for a road, from the Brookville road, on and across the lands of myself to that sold to said Kammerling, the said road to be located under the direction of said Grover, the same not to be less than twenty-five feet in width, the same to connect with a bridge across Sand creek, to be erected by said Grover, not less than twelve feet in width from out to out.

''MARSHALL GROVER.''

The court below sustained a demurrer to this complaint, appellant refused to plead further, and final judgment was rendered against appellant. This ruling is the error assigned in this court.

The contract referred to and made a part of the pleading, granted to the plaintiff a right of way over the lands then owned by the defendant. It created an easement appurtenant. Such an easement is imposed upon the servient estate. It follows and attaches to such estate, and not to the owner of the estate. It is an interest in

corporeal property, created by grant, either express or implied, for prescription implies a grant. It may be extinguished by release from the owner of the dominant to the owner of the servient estate, and by merger of the two estates under the same title in the same person. It may be lost by abandonment, and by a conveyance of the servient estate to a purchaser for value, who takes without notice of its existence. Neither release nor merger enter into this case.

The complaint avers that said way "was used and traveled for several years, when the same fell into disuse and ceased to be traveled, and the track of said way became partly obliterated and cultivated, so as not to be notice to purchasers of the existence of a way." .

If, from this averment, it appears that the easement was lost by abandonment, then the appellant had no right of action. But we do not think abandonment can be inferred from it. An easement created by grant is not lost by neglect of enjoyment, or mere nonuser. The owner of the servient estate must do something adverse to the rights of the owner of the dominant estate, and such adverse acts must continue such a length of time as will create title by prescription. Washburn Easements, *556; *Williams* v. *Nelson*, 23 Pick. 141 (147); *Corning* v. *Gould*, 16 Wend. 531.

The easement was in existence at the time the defendant conveyed the servient estate to an innocent purchaser. The owner of the servient estate owns the fee, subject to the easement, and all the incidental rights of possession and cultivation remain in him, and he may sell and transfer it as freely as if no easement existed. But such conveyance will not affect the rights of the owner of the easement, if the purchaser have notice of its existence. Washburn Easements, p. 9.

The most plausible theory of the complaint, as we con-

strue it, is that of an action based upon a breach of the written contract, by which the easement was created. It is averred that *"the contract in suit* has never been recorded, etc.*"* This implies that the *contract* is the basis of the action, and not merely an incidental matter. An easement might be created with covenants of warranty, or with conditions for damages, in the event of its destruction or extinguishment; but no covenants or conditions are present in the instrument described in the complaint. In fact, it appears from the averments, that the defendant fully performed all the obligations resting upon him—gave and opened the way and constructed the bridge.

Performance is the most complete defense against an action for the breach of a contract. Parsons on Cont., 636.

If a complaint state facts constituting a cause of action, but also state facts which constitute a defense, it will be bad on demurrer. *Behrley* v. *Behrley,* 93 Ind. 255.

The pleader is not required to anticipate a defense, but if he does do so, and attempts to avoid it, the avoidance must be complete, or the complaint will be bad. *Knopf* v. *Morrel,* 111 Ind. 570 (572); *Latta* v. *Miller, Admr.,* 109 Ind. 302 (306).

Considered as an action based upon a breach of the contract, the complaint is insufficient.

It is possible to construe the complaint on another theory, that of an action based upon a tort in the destruction of the easement. Thus considered, the contract simply shows the creation and existence of the easement; the destruction of the easement by the conveyance to an innocent purchaser being the tort or wrong committed by the appellee.

An easement is a substantial interest in realty, one

which the law will protect, and for its obstruction or destruction furnishes a remedy. If one threaten to obstruct or destroy an easement, equity will enjoin; and if one deny the existence or title to an easement, a court of equity will establish it, and quiet the title. Washburn Easements, p. 747.

If one obstruct or destroy an easement, damages may be recovered in an action at law. Washburn Easements, p. 734.

In all of the supposed cases, the act threatened or consummated is a wrong or tort. Such a tort implies affirmative, aggressive conduct on the part of the wrong-doer, and not mere passive unintentional action. Some act or thing must be done with a purpose to obstruct or to destroy the easement. There is nothing in the complaint that discloses that the appellee had any purpose or intention to obstruct or destroy the easement. It is true that it is averred that the written instrument by which the easement was created was not recorded, and it appears that it could not be recorded, because not acknowledged. Section 3352, Burns' R. S. 1894.

Notwithstanding this, the appellant might have maintained an action to declare and establish his way, and to quiet his title thereto, and thus have made it a matter of record; that would have secured his rights against purchasers of the servient estate. Washburn Easements, pp. 339–735.

What legal obligation rested upon the defendant to disclose to his purchaser the existence of the way? Certainly no greater obligation than rested upon the plaintiff to preserve and keep alive his easement.

According to the allegations, he had suffered it to fall into disuse, and it had ceased to be traveled, and the track of the way had become partly obliterated and cultivated, so as not to be notice to a purchaser of its existence. Here

was a condition of things, which, if permitted to continue, would ultimately culminate in a destruction and extinguishment of the easement, for there was not only a nonuser, but an adverse use of the way by the owner of the servient estate. This condition was the result of the voluntary action of the plaintiff, for had he chosen he could have prevented it.

The defendant had the right to sell and convey his lands. There is no averment that he intentionally and purposely concealed from the purchaser the existence of such way, nor is there anything to show that the plaintiff did not have any knowledge of the fact that the defendant intended to make such conveyance.

We fail to see why the law should impose a higher duty upon the defendant to protect the rights of the plaintiff than the plaintiff chose to impose upon himself in order to protect his rights. The plaintiff avers conditions created or suffered by himself, which, if permitted to continue, would eventually destroy his easement, and does not negative the presumtions arising from such conduct, nor does he aver that he had no intention to relinquish or abandon his way. His conduct may have misled the defendant.

To state a good cause of action, the plaintiff's own rights should be distinctly defined. They should not be clouded with inferences and presumptions that weaken or destroy them; and the acts of the defendant should be charged as having been purposely and intentionally done.

We think the theory of the complaint makes it an action for a breach of contract; but considered either as an action sounding in contract or sounding in tort, the complaint is insufficient to withstand the demurrer for want of facts.

Judgment affirmed, at the costs of appellant.

GAVIN, J., having been of counsel, did not take part in this decision.

Filed March 27, 1894.