## PERRY v. CAREY ET AL.

[No. 9,496. Filed June 20, 1918.]

1. PLEADING.—*General Issue.—Abandonment of Rights in Lands.*—Where the strict legal title to real estate is not involved the defendant may prove, even under the general issue, that the rights of plaintiff in lands have been abandoned. p. 59.

2. EASEMENTS.—*Easement Acquired by Grant.—Abandonment.—Intention.*—An easement of a way resting in a grant may be abandoned by the dominant owner, but the question of abandonment is one of intention which must be determined from the facts of each particular case. p. 60.

3. EASEMENTS.—*Easement Acquired by Grant.—Nonuser.—Effect.*—While an easement acquired by actual grant cannot be lost by mere nonuser, a cesser of the use, accompanied by acts clearly indicating an intent to abandon the right, will have the effect of an express release and work an extinguishment of the easement. p. 60.

4. EASEMENTS.—*Easement Acquired by Grant.—Abandonment.—Evidence.—Acceptance of Other Way.*—Where defendants' grantees were given an easement of way which they never used, but accepted and used a more convenient one subsequently furnished by defendants, the grantees' acceptance of the new way was not as a matter of law an abandonment of the granted easement, but could be considered as an element on the issue of the intention to abandon such easement. p. 60.

From Huntington Circuit Court; *Sumner Kenner,* Special Judge.

Action by Lindsey E. Perry against Mary A. Carey and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Bowers & Feightner* and *A. G. Johnson,* for appellant.

*R. A. Kaufman* and *Watkins & Butler,* for appellees.

IBACH, J.—In the year 1883 Mary E. Carey owned lot 262 and the adjoining west half of lot 18, both

fronting on Market street in the city of Huntington, Indiana. On April 10 of that year she, with her husband, conveyed by warranty deed to Anglemyer and Anglemyer "61 feet off the east end of lot 262 except 4 rods off the north side." The deed of conveyance also contains the following:

> "The parties of the first part in consideration of a part of the purchase money do hereby agree by and with the said parties of the second part to grant to them a perpetual right of way ten (10) feet wide on and along the west line of Lot (18) Eighteen from Market street to the south bank of Flint creek and it is hereby expressly understood that said right of way is granted to and for the benefit of the lot hereby conveyed and to none other."

The Anglemyers continued to hold title to the lands thus conveyed and remained in possession thereof until November 22, 1913, when they conveyed the same lands by warranty deed to appellant, who brought this suit against appellees to quiet his title to a ten-foot strip of land along the west line of lot 18 and to enjoin appellees from obstructing the same.

Appellees answered by general denial, and also filed a cross-complaint in which they seek to quiet their title to a portion of the said ten-foot strip of land. It is averred in the cross-complaint, in substance, that the ten-foot strip in question was granted as a right of way for the use of the land conveyed, extending from Market street to Flint creek; that lot 18 is bounded on the north by Flint creek, and at the point where the north end of the right of way would terminate there was a steep bank and a deep channel, and said right of way was not connected with any

other street or alley or other means of ingress or egress. The Anglemyers took possession of the lot conveyed to them and used and occupied the easement in common with the appellees as far north as the right of way opened by appellees extending east and west, and never used or occupied that part of said easement extending northward from the latter right of way. With the consent of the Anglemyers appellees moved to a barn back near the north end of lot 18, and a driveway east and west was opened up across lot 18, for the use of the Anglemyers, to a public alley which opened into Market street. The Anglemyers accepted such right of way in lieu of the easement granted in the deed, and for more than twenty years continued to use the same. With the consent of the Anglemyers appellees made improvements on the strip of land by constructing drains, erecting buildings, planting trees and vines thereon. Appellees have been in full and open possession of said tract of land with the full knowledge and consent of the Anglemyers for more than twenty years and are still in possession. Appellant purchased said lot from the Anglemyers with full knowledge that the right of way had been abandoned, and that appellees were in possession of the north end thereof; that valuable and lasting improvements had been made thereon, and with full knowledge that said easement had been changed and opened into the alley on the east side of the west half of lot 18, and accepted, used, and occupied, and is now using and occupying the easement so opened into said alley in common with appellees.

Appellant answered the cross-complaint by general denial. There was a trial by jury and a verdict for

appellees on their cross-complaint. Over appellant's motion for a new trial judgment was rendered in favor of appellees, quieting their title to that part of the ten-foot strip of land described in their cross-complaint.

The only error assigned is the overruling of the motion for a new trial. Appellant in his brief challenges some of the instructions, but in the oral argument the action of the court as to these matters was admitted to be substantially correct, and there remains but one question, and that is the sufficiency of the evidence to sustain the verdict.

It will be observed from the deed of conveyance that appellant was granted an easement appurtenant to the lot purchased and for the sole benefit thereof. Not only is this apparent from the grant itself, but such seems to be the theory upon which the complaint was framed and the cause tried, as well as the construction given the grant by all the parties. Therefore the controlling question for our determination is, Can such an interest in lands be abandoned, and, if so, do the facts of this case show an abandonment?

It has been held generally that the fee-simple title to real estate acquired by deed or descent cannot be lost by mere abandonment. *Barrett* v. *Kansas, etc., Coal Co.* (1905), 70 Kan. 649, 79 Pac. 150. Neither can a title obtained by prescription be so lost. *Tarver* v. *Deppen* (1909), 132 Ga. 798, 65 S. E. 177, 24 L. R. A. (N. S.) 1161, and cases cited.

But the rule seems to be that, when the strict

1. legal title to lands is not involved, the defendant may prove, even under the general issue, that the rights of the plaintiff have been abandoned.

*Kammerling* v. *Grover* (1893), 9 Ind. App. 628, 36 N. E. 922; *Bell* v. *Bed Rock, etc., Co.* (1868), 36 Cal. 214; *Willson* v. *Cleaveland* (1866), 30 Cal. 192. So that in cases such as is now under consideration, when the land in controversy constitutes a way resting in a grant, the same may be abandoned by the dominant owner, but the question of abandonment is one of intention, and must be determined from the facts of each particular case.

While it is the law that an easement acquired by actual grant cannot be lost by mere nonuser (*Kammerling* v. *Grover, supra; Cleveland, etc., R. Co.* v. *Griswold* [1912], 51 Ind. App. 497, 510, 97 N. E. 1030), it has been repeatedly held, and we think correctly, that: "It is not the duration of the cesser of use of a way, but the nature of the act done by the dominant owner, or by the adverse act acquiesced in by him, and the intention which the one or the other indicates, that is material and a cesser of the use for a less period than twenty years, accompanied by acts clearly indicating an intent to abandon the right will have the effect of an express release and work an extinguishment of the easement." *Vogler* v. *Geiss* (1879), 51 Md. 407; *King* v. *Murphy* (1855), 140 Mass. 254, 4 N. E. 566. So that the period of nonuser is material as an element from which an intention to abandon may be inferred, and what period will be sufficient in any particular case must depend on all the accompanying circumstances.

The facts of this case show that the Anglemyers never used the portion of the way now in dispute at any time, but that they accepted and used the one subsequently furnished by appellees in lieu of it, and, while it is not to be said as a

matter of law that such a way is abandoned by the use of another more useful and more convenient, yet such fact may be considered as an element in determining whether when they so acted it was their intention to abandon the old easement. As bearing on this subject, see *Jamaica, etc., Corp.* v. *Chandler* (1876), 121 Mass. 3.

It is not necessary for us to repeat the evidence introduced at the trial; it is sufficient to say that there is some evidence tending to support each material averment of the cross-complaint.

Applying the legal principles above announced to these facts, we believe the evidence was sufficient to warrant the conclusion reached by the jury that the Anglemyers and appllees had in fact intended to and did abandon that portion of the right of way here involved.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 1010. See under (1) 1 C. J. 11; (2) 19 C. J. 940; (3) 19 C. J. 942; (4) 19 C. J. 940.