[Civ. No. 5129.   Third Appellate District.—November 26, 1934.]

DEE H. WADE, Respondent, v. WARREN A. HOWE et al., Appellants.

Geo. W. Howe for Appellants.

Hersch & Peterson for Respondent.

THOMPSON, J.—The defendants have appealed from a judgment which was rendered against them in a suit in ejectment. The cause was tried on a written stipulation of facts.

This suit involves the right of possession to block 91 of the city of Crescent City. Both parties claim that right, based upon a common source of title from the heirs of George M. Keller, deceased. The plaintiff holds a quitclaim deed from all of the heirs of George M. Keller, dated April 5, 1930, and duly recorded. The defendants claim the right of possession as tenants of Otmar Bauer. After demanding possession of the property from the defendants the plaintiff brought this action in ejectment alleging that he is the owner and entitled to the possession of block 91 in Crescent City. The defendants merely denied the allegations of the complaint without affirmatively pleading any facts upon which they claim that the predecessors in title of their landlord intended to convey to Otmar Bauer block 91 of Crescent City, but that by mistake it was omitted from the deeds.

The stipulated facts show that all of the heirs of George M. Keller, deceased, joined in a deed of conveyance to J. F. Reddy, January 15, 1927, of a part of section 29, township 16 north, range 1 west, of Humboldt meridian in Crescent City, *specifically excepting therefrom,* block 91. This deed was recorded at 2 o'clock P. M. on March 10, 1927. On the last-mentioned date J. F. Reddy deeded to Otmar Bauer "approximately the same property which was deeded to him by the Keller heirs". January 11, 1927, Reddy and wife conveyed to Otmar Bauer a portion of the same Crescent City tract of land. This last-mentioned deed originally included in the description of the property sought to be conveyed block 91. It is stipulated that "no conveyance . . . appears in the records by which Block 91 was ever specifically conveyed to Reddy". So far as the record is concerned, block 91 never was conveyed from the Keller heirs to Reddy. He never held title to that block of land. It appears that the deed which was recorded March 10, 1927, from Reddy and wife to Otmar Bauer did at first contain in the description of the property sought to be conveyed thereby block 91, although that block never had passed to Reddy by deed from any source. The county clerk testified

that at the request of James McNulty, an attorney, he changed the description in the last-mentioned deed, after it was recorded, by eliminating therefrom block 91. He said that block 91 was erroneously included in the deed to Otmar Bauer. That irregular transaction is immaterial. While the defendants claim the right to possession of this property as the tenants of Otmar Bauer, there is no evidence of any lease, verbal or written, from Bauer to the defendants. The only instrument upon which the defendants rely for their equitable claim of title in their asserted landlord Bauer is a written contract, dated March 8, 1927, in which but two of the five Keller heirs and Mr. and Mrs. Reddy agree to sell to Otmar Bauer ''the unsold portions of the fractional Northwest Quarter of Section 29, T. 16 N., R. 1 W., H. M.'' This contract may have been abandoned or canceled. There is no reference to this agreement in the stipulated facts which control the determination of this appeal. It does appear in the transcript and is referred to in the briefs. There is no evidence that the Keller heirs ever did attempt to convey block 91 to anyone except the plaintiff. Finally, the stipulation of facts recites that ''other documents on file with the clerk as exhibits *are mentioned by the defendants* as tending to show an intention upon the part of the Keller heirs to convey said Block 91 to Bauer''. These exhibits are not before us. It does not appear that they were admitted in evidence. We have no knowledge of their contents and therefore have no means of determining whether they have any bearing on the issues of this case.

The cause was tried by the court. Findings were adopted favorable to the plaintiff. It was determined that the plaintiff is the owner in fee of block 91 in Crescent City, and that he is entitled to the possession thereof. It was also found that the plaintiff had suffered damages in the sum of $75 by reason of the defendants' depriving him of the rightful possession of the property. A judgment was rendered accordingly. From that judgment the defendants have appealed.

█ The evidence amply supports the findings and judgment that plaintiff is the owner in fee of block 91 in Crescent City, and that he is entitled to the possession thereof, together with damages in the sum of $75. The court was

justified in finding, as it did, that the defendants had no right or title to the property in question and were not entitled to the possession thereof. It clearly appears that title to block 91 in Crescent City never did pass to the defendants' landlord, Otmar Bauer. Neither Reddy nor Bauer is a party to this action. Neither of them ever maintained an action to reform the deeds which they received so as to include therein block 91. Moreover, we are unable to find any evidence that Bauer leased the property to the defendants. The evidence is susceptible of no reasonable theory other than that which was adopted by the trial court.

Since the defendants rely as a defense to this suit in ejectment upon their claim of equitable title which is adverse to and is not disclosed in the chain of legal title to the property, it was necessary for them to affirmatively allege in their answer the particular facts upon which they depend. Assuming, without so deciding, that if the defendants were the tenants of Otmar Bauer, and that, without their landlord being a party to the action, they could nevertheless maintain an equitable defense to the suit for ejectment, it would be necessary for them to first reform the deed from the heirs of Keller to J. F. Reddy, so as to include block 91 therein. Then they would be required to also reform the deed from Reddy to Otmar Bauer in the same manner. In other words, before the defendants could defeat the legal title of the plaintiff, it would be necessary for them to prove they were entitled to affirmative relief by way of reformation of the last-mentioned deeds to Reddy and Bauer. No such affirmative relief was alleged or sought in the answer of the defendants. The effort to establish evidence of such an affirmative equitable defense was received over the objections of the plaintiff.

A large number of California cases hold that evidence of an affirmative equitable defense to an action in ejectment, in conflict with the clear legal title to the land, is incompetent in the absence of specific allegations of the particular facts upon which the defendant relies. (*Kentfield* v. *Hayes*, 57. Cal. 409; *Arguello* v. *Bours*, 67 Cal. 447 [8 Pac. 49]; *Lowe* v. *Alexander*, 15 Cal. 296; *Miller* v. *Fulton*, 47 Cal. 146; *McCauley* v. *Fulton*, 44 Cal. 355, 362; *Love* v. *Watkins*, 40 Cal. 547, 557 [6 Am. Rep. 624]; *Bruck* v. *Tucker*, 42 Cal.

346; *Davis* v. *Davis,* 26 Cal. 23, 39 [85 Am. Dec. 157]; *Piercy* v. *Sabin,* 10 Cal. 22 [70 Am. Dec. 692]; *Mayer* v. *West,* 96 Cal. App. 31 [273 Pac. 849]; *Dondero* v. *O'Hara,* 3 Cal. App. 633 [86 Pac. 985]; Pomeroy's Code Remedies, 5th ed., p. 908, sec. 555; 19 C. J. 1147, sec. 178.)

The reason for this rule is that the plaintiff may be informed of the special equitable defense upon which the defendants rely when the chain of legal title contains no evidence of such claim. The rule is peculiarly applicable under a statute such as California has which requires the defendants to set up in their answer new matter upon which they rely for a defense. (Sec. 437, Code Civ. Proc.) The rule is well stated in *Freeman* v. *Brewster,* 70 Minn. 203 [72 N. W. 1068]:

"The following is the true test as to whether, in action of ejectment, a defendant can prove an equity under a general denial: If he has an equitable estate, which, as it exists and without any affirmative relief, defeats plaintiff's claim to the possession, it may be proved under a general denial, being strictly defensive in its nature. But if the equity is such that it does not give the defendant the right of possession *as against the legal title without affirmative relief enforcing the equity,* then the defendant must plead the facts entitling him to such relief, the matter being in the nature of a counterclaim."

While there is some confusion among the authorities of other jurisdictions regarding the question as to whether a general denial of the allegations of a complaint in ejectment entitles a defendant to prove an independent equitable defense, the great weight of authority is to the effect that equitable defenses must ordinarily be affirmatively alleged in the answer. In Pomeroy's Code Remedies (fifth edition), page 909, it is said in this regard:

"An equitable defense to the action must, however, as it seems, be specially pleaded; and the defense that a deed to the plaintiff absolute on its face, under which he claims title, is only a mortgage."

So, also, it is said in 19 C. J., page 1147, section 178, in that regard,

"Equitable defenses must be specially pleaded in most jurisdictions and cannot be shown under a general denial or

general issue. But in some jurisdictions evidence of equitable defenses is admissible under a general denial, at least if the complaint fails to set out the source of plaintiff's title, and in some states it depends upon whether the equity is strictly defensive or whether it is an equity for affirmative relief which when obtained will furnish a defense, the equity being available under the general denial in the former case, while in the latter case it must be specially pleaded by way of counterclaim. Thus it is generally held that where an equitable title is not pleaded evidence showing such a title is not admissible, and that unless expressly pleaded defendant cannot show that a deed in plaintiff's chain of title absolute in form was intended as a mortgage, *or that defendant was in possession under a contract with plaintiff's grantor.*"

This statement of the rule is supported by numerous California authorities. The statement of the preceding text that a defense to a suit in ejectment may not be maintained by proof that the defendant holds possession under a contract with the plaintiff's grantor without first affirmatively alleging in his answer that equitable defense, is supported by the California case of *Dondero* v. *O'Hara,* 3 Cal. App. 633 [86 Pac. 985]. In the present case the defendants attempt to do precisely that thing. Under a general denial, they seek to prove that the plaintiff's grantors had agreed to convey the property in question to the defendants' landlord. That equitable defense is not available under a general denial.

In support of the appellants' assertion that they have a right under a general denial to introduce evidence of any fact which may tend to show that the plaintiff has no right to possession, the following cases are cited: *Sparrow* v. *Rhoades,* 76 Cal. 208 [18 Pac. 245, 9 Am. St. Rep. 197], *Nelson* v. *O'Brien,* 139 Cal. 628 [73 Pac. 469], and *Cooper* v. *Miller,* 113 Cal. 238 [45 Pac. 325]. These cases are readily distinguishable from the present action. In the Cooper case last cited, the plaintiff brought a suit in ejectment alleging that he was the owner and entitled to the possession of certain property. He relied on a tax-title deed which he obtained at sheriff's sale. The answer was not a general denial of the allegations of the complaint. The defendant affirmatively alleged that the plaintiff's deed was

void for the reason that the tax levy was illegal. Judgment was rendered for the plaintiff. The court in effect held that both the tax levy and the plaintiff's deed were valid. The question of a failure to affirmatively plead in the answer an asserted equitable defense was not involved in that case. Moreover, the defendant was attacking the validity of the very deed upon which the plaintiff relied for title, rather than affirmatively asserting an independent equitable defense which he must establish to justify his own possession of the property.

In the case of *Nelson* v. *O'Brien, supra,* in answer to an ordinary suit in ejectment, the defendant affirmatively alleged that certain deeds and a judgment upon which the plaintiff relied for title were defective in form. This special "criticism" of certain "pretended deeds" in the plaintiff's chain of title was stricken from the answer. Judgment was rendered for the plaintiff. On appeal the Supreme Court merely said these allegations were unnecessary; that defendant could have objected to any void or defective instrument in the plaintiff's chain of title without the special evidentiary allegations which were recited in the answer. This case did not involve a failure to affirmatively allege an asserted equitable defense inuring to the benefit of the defendant. It merely determined that it was not necessary to allege defects in the instrument upon which the plaintiff relied which rendered them void.

In the case of *Sparrow* v. *Rhoades, supra,* upon which the appellants rely, under a general denial of the allegations of ownership and the right of possession in an ejectment suit, judgment was awarded the defendant upon proof that the deed which the plaintiff procured from the United States was in conflict with section 2262 of the Revised Statutes of the United States, and therefore void. The court said in that regard, "Evidence was admissible to show that the title, which on the face of the deed appeared to have passed to the plaintiff, could not have done so, and that the deed was worthless as a muniment of title."

It thus appears that the defendant in that case was not relying on proof of an independent equitable defense in his favor, but rather upon an attack on the validity of the deed upon which the plaintiff relied for his title to the property.

None of the cases upon which the appellants rely involved the pleading or proof of an affirmative equitable defense on the part of the respective defendants. Each of these cases involved alleged facts which were deemed to render the plaintiff's deeds invalid and void. These cases are not in conflict with the general rule which requires a defendant to specially plead any independent equitable defense to an action in ejectment upon which he relies to defeat the plaintiff's legal title.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.