No. 1,363.

## THE LAKE ERIE AND WESTERN RAILROAD COMPANY v. HILFIKER.

RAILROAD.—*Right to Drain Surface Water Across Right of Way.—Damages.—Sufficiency of Complaint.*—In an action against a railroad company for damages resulting from removing a culvert, without plaintiff's consent, from under its right of way, and obstructing the flow of water through the same, and causing water to back upon plaintiff's real estate and flood the same to his damage, etc., the complaint is insufficient for failure to plead any facts creating the right in plaintiff or reserving to him such right to flow the water from his land through the culvert under defendant's roadbed.

From the Jay Circuit Court.

*J. J. M. LaFollette* and *O. H. Adair*, for appellant.

DAVIS, J.—The first error discussed is that the court erred in overruling the demurrer to the second paragraph of the complaint. It is alleged in the complaint, among other things, in substance, that appellant is a corporation owning and operating a railroad across appellee's land by his license; that in January, 1892, appellee had and ought still to have a right of way through, under and across the width of the road bed and way of appellant company on his land, with the right to flow the water from his land through and under the road bed of the company; that the said right was appendant and appurtenant to appellee's real estate, and that he has or ought to have the same unobstructed by any person or thing whatever; that agreeably to the said right of appellee, as aforesaid, appellant maintained a culvert in and across its road bed for the use of appellee in the right aforesaid; that in January, 1892, appellant without the consent of appellee removed said culvert and has since obstructed the flow of water through the same and

caused the water to back upon his real estate and flood the same to his damage, etc.

The complaint shows that appellant had the right to occupy and use that part of the land on which the railroad was constructed upon which to operate its road. So far as surface water, at least, is concerned, such right ordinarily carries with it the right to use the land in the way necessary to best serve the purpose of the company. There is nothing in the complaint alleging any contract or agreement with the railroad company creating any right to such culvert or outlet.

It is insisted by counsel for appellant that the complaint on this subject pleads conclusions and not facts, and that the complaint is bad for failure to plead any facts creating the right of appellee, or reserving to him such right, to flow the water from his land through the culvert under appellant's roadbed.

No brief has been filed in behalf of appellee.

It occurs to us that the position of counsel for appellant is well taken. If the right asserted by appellee was created by either contract or prescription such fact should be alleged.

The general rule is that upon the boundaries of his own land, not interfering with any natural or prescriptive water course, the owner may erect such barriers as he may deem necessary to keep off surface water. If appellant held its right of way, or license, as it is termed, subject to any reservation or restriction in favor of the land owner growing out of contract, either express or implied, or prescription by long continued use and enjoyment, such fact should be stated in the complaint. We are not advised upon what theory the court below upheld the complaint, and therefore we have some hesitation in reversing his ruling, but in view of the unsatisfactory character of the pleading in the light of argument of counsel

for appellant, we are impressed with the belief that it is fatally defective.

Judgment reversed, with instructions to sustain the demurrer to the complaint with leave to amend.

