ANDRUS v. NATIONAL SUGAR REFINING CO. et al.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. EASEMENT—NONUSER.
   An easement of right of way in land acquired by grant cannot be lost by mere nonuser.

2. SAME—ADVERSE USER.
   Use by another that will destroy an easement of right of way in land acquired by grant must be exclusive of the interest of the grantee, and in open hostility to his claim.

Appeal from Special Term, Westchester County.

Action by John E. Andrus against the National Sugar Refining Company and another to establish a right of way, and to enjoin obstruction thereof. From a judgment for plaintiff, defendants appeal. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Ralph E. Prime, for appellants.
Isaac N. Mills, for respondent.

PER CURIAM. This case has been before us on a previous appeal. Andrus v. National Sugar Refining Co., 72 App. Div. 551, 76 N. Y. Supp. 530. It has been retried, in accordance with the view of the law then expressed by Mr. Justice JENKS, and has resulted in a judgment for the plaintiff, declaring him to be entitled to the right of way which he claims, and granting other relief. We have been asked, upon the appeal from this judgment, to reconsider and reject the legal propositions involved in our former decision; and, in deference to the learned counsel for the appellants, we have carefully reviewed them in

¶ 1. See Easements, vol. 17, Cent. Dig. §§ 77, 78.

the light of the new arguments which he has presented. These have not seemed cogent enough, however, to lead us to any different conclusion; and, so far as any question is concerned which was dealt with by this court upon the first appeal, we adhere to the opinion then handed down.

Several new points, going to the maintenance of the action, have been made upon the present argument, most of which, however, although not directly discussed in our former opinion, are nevertheless sufficiently answered in the observations and suggestions therein contained. It is now argued, in addition, that any right of way which the plaintiff or his grantors ever had has been lost by nonuser or adverse possession. Mere nonuser will not suffice to destroy an easement in land acquired by grant (Welsh v. Taylor, 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535), although there is no doubt that a right of way created by grant may be lost by adverse use, where the use is exclusive of the interest of the grantee, and in open hostility to his claim (Smyles v. Hastings, 22 N. Y. 217). The evidence in this record, however, does not seem to us to make out a case of adverse possession, within this rule. We are clear that the judgment is right on the merits in its main features, but we agree with counsel for the appellants that it is in some respects too broad in its terms. It does not sufficiently appear that the maintenance of a railroad track by the defendants upon the strip of land in question will necessarily interfere with the free and unobstructed enjoyment of the right of way to which the plaintiff is entitled. It is quite conceivable that the presence of a properly constructed track will not constitute any obstacle to the use of this strip by the plaintiff for all reasonable purposes; nor need the passage of cars over such tracks from time to time create any real obstruction, though, of course, the defendants should be prohibited from allowing cars to stand upon the track.

The judgment should be modified by striking out the provisions thereof numbered 2, 3, and 4, relative to the railroad track, and by inserting in lieu thereof an injunction against obstructing the right of way by allowing cars to stand thereon. As thus modified, it should be affirmed, without costs of this appeal to either party.