## UNION TRACTION COMPANY *v.* PFEIL ET AL.

[No. 5,836. Filed November 2, 1906.]

1. INTERURBAN RAILROADS.—*Eminent Domain.—Damages.—Benefits.*—In assessing the damages to lands caused by the appropriation of an interurban railroad right of way, the benefits accruing from the building of such road cannot be considered. p. 53.

2. TRIAL. — *Instructions. — Interurban Railroads.—Eminent Domain.—Damages.*—An instruction, in a proceeding by an interurban railroad company to condemn a right of way, stating that if certain facts existed, they might be considered by the jury in estimating the damages, is not prejudicial error because it did not confine such facts to those shown by the evidence, where other instructions properly informed the jurors that the landowners must prove the existence of the necessary facts by a preponderance of the evidence. p. 54.

3. SAME.—*Instructions.—Interurban Railroads.—Eminent Domain.—Damages.—Speculative.*—An instruction, in an interurban railroad right of way condemnation proceeding, stating

that if certain facts exist, they may be considered on the question of damages, is not reversible as allowing conjectural or speculative damages, where other instructions specifically informed the jury that such conjectural or speculative damages could not be given. pp. 55, 56.

4. APPEAL. — *Instructions.—Prejudicial.—How Considered.*—Instructions in a cause on appeal will be considered as a whole; and where appellant fails to show a substantial injury by the giving the one complained of, a reversal will not be ordered. p. 55.

5. EMINENT DOMAIN. — *Interurban Railroads. — Damages. — Measure.*—The damages to a sixty-five-acre tract cut diagonally by an interurban railroad right of way is the difference in value of the whole tract before and after the appropriation of such way. p. 56.

6. TRIAL.—*Instructions.—Confining to Evidence.*—An instruction that if the jury believe that certain facts exist their verdict should be for the allowance of certain damages, does not constitute reversible error because of the omission of "from the evidence" after "believe," where they were properly instructed otherwise that the facts must be proved by a preponderance of the evidence. p. 56.

7. INTERURBAN RAILROADS.—*Additional Tracks on Rights of Way.—Eminent Domain.—Damages.*—An interurban railroad has the right to lay any desired number of tracks on its right of way and to run any desired number of cars thereon; and the damages therefor must be made, if at all, in the original condemnation proceeding. p. 57.

8. SAME.—*Eminent Domain.—Rights of Way.—Drains Across. —Damages.*—Landowners have no right, without consent, to lay water or private drain pipes over an interurban railroad right of way; and injuries to land for the loss of such right are properly considered in estimating the damages in condemning such a right of way. p. 58.

9. TRIAL.—*Instructions.—Verdict.—Duty of Jurors.*—It is not reversible error to refuse to instruct the jury not to return a compromise verdict, where they are instructed that the verdict should be sustained by a preponderance of all of the evidence in the case. p. 59.

From Cass Circuit Court; *John S. Lairy,* Judge.

Condemnation proceedings by the Indianapolis Northern Traction Company (Union Traction Company of Indiana,

successor) against Catherine Pfeil and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. A. Van Osdol* and *McConnell, Jenkines, Jenkines & Stuart,* for appellant.

*Walters & Long,* for appellees.

BLACK, J.—This was a proceeding instituted by the Indianapolis Northern Traction Company, of which the appellant is the successor, for the appropriation, under the statute, of land for the way of an electric street and interurban railroad through agricultural lands of the appellees. The appellant presents for review the action of the court below upon certain instructions.

In one of the instructions given the court told the jury that, in determining the amount of damages, they should not consider or make any allowance for the benefits 1. "which may have resulted, or may be supposed to result in the future, to defendants or to their said lands by reason of the construction of said electric railway by plaintiff, for the purposes for which this appropriation is made, through the community in which defendants' lands are located. The law excludes any such benefits or supposed benefits from consideration in cases of this kind." Since the bringing of this appeal we have had occasion in a number of cases to consider the question presented in this instruction. See *Indianapolis, etc., Traction Co.* v. *Dunn* (1906), 37 Ind. App. 248; *Indianapolis, etc., Traction Co.* v. *Ramer* (1906), 37 Ind. App. 264; *Carrell* v. *Muncie, etc., R. Co.* (1906), 38 Ind. App. 700. While a comparatively large portion of appellant's brief is given to this question, it is not improper to say that in a recent oral argument of the cause it was not pressed by the appellant, probably because of those intervening decisions, to which we still adhere.

The appellant objects here to the seventh instruction given at the request of the appellees, because in mentioning

therein certain circumstances which, it was said, if they existed, might be considered by the jury, the court did not expressly confine such consideration to matters shown by the evidence to exist, and also on the ground that the instruction invited the indulgence of conjecture and the consideration of speculative and fanciful damages, and further because the instruction permitted consideration of inconvenience and danger, if any, to the owner or his family, in crossing the track and right of way of the appellant. The circumstances which the jury were thus permitted to consider were not submitted to them as separate and additional elements of damages, but the jury were told that they might consider them, if they existed, in determining the extent of the damage, if any, to the remainder of the farm, as affecting the extent of the depreciation in the value of the land, if any. No particular circumstance of those referred to in the instruction is specifically designated by the appellant as being objectionable, except that relating to inconvenience and danger to the owner "or his family," emphasis being placed on the last three words, and no objection being urged against the additional words "or his stock," in the instruction.

It is stated by the appellees in their brief that there is abundant evidence on all the points suggested in the instruction, and this statement is not contradicted by the appellant, nor is it claimed as to any matter referred to in the instruction that there was no evidence relating to it. In an instruction given at the request of the appellant the court told the jury, among other things, that they should, in their deliberations, agree upon and find no damages for the appellees "until you can agree and find that a preponderance of all the evidence in the case sustains and justifies you in believing that a particular sum will be a fair measure of compensation and damages to which" the appellees "are entitled." In an instruction given at the request of the appellees the jury were told that it was their

duty to render a verdict in accordance with the law applicable to the case, as stated to them by the court, and in accordance with the evidence, as it had been given under the direction of the court in the trial of the cause; that they were not at liberty to disregard either the law or the evidence as thus placed before them, and were not at liberty to follow their own opinion, if contrary to the law or evidence so given. In other instructions, given at the request of the appellant, the jury were told, that they could not allow any damages in this case which were remote, imaginary, uncertain, and conjectural or speculative in their nature, even though testified to by witnesses; that the damages must be such and only such as would compensate the appellees for their actual pecuniary loss; and the damages were limited expressly by instructions given at the request of the appellant to the fair market value of the land taken for the right of way, the damage to the remainder of the farm, and the value of the crops, if any, growing on the right of way when possession was taken, and destroyed by appellant.

The instructions must be considered as a whole, and the jury would not be misled by the mere omission from the seventh instruction above mentioned of words expressly limiting their consideration to such matters therein referred to as were shown by the evidence. This would be especially true where there was, in fact, evidence relating to all such matters. And so far as the references in the instruction were general, the jury would understand from the instructions as a whole that such references did not extend to merely conjectural or speculative losses. A party complaining here of an instruction given to the jury should be able to show how he was substantially injured by it. The seventh instruction above mentioned does not appear to have been materially erroneous. See *Indianapolis, etc., Traction Co.* v. *Dunn, supra; Indianapolis, etc., Traction Co.* v. *Ramer, supra.*

Objection is made to the tenth instruction given at the request of the appellees, wherein, after referring to the fact that the appellant's attorneys in cross-examination of witnesses of the appellees had been permitted to ask the witnesses what was the value per acre of certain portions of the farm of the appellees, taken separately, after the appropriation, the court instructed that these questions were proper only as a means of testing the knowledge of the witnesses as to the value of the land of the appellees concerning which they had testified, and to disclose the manner in which the witness arrived at his estimate of value and the basis thereof, and for no other purpose.

The land in question consisted of sixty-five acres in one body, used as a farm by its owners, the appellees, and the railroad ran across it diagonally. In such case the damages should be considered and assessed for the entire farm (Chicago, etc., R. Co. v. Huncheon [1892], 130 Ind. 529), and an instruction was asked by the appellant, and given, in which the value of the land to be considered by the jury was said to be the price for which the real estate would have sold in a body. See 3 Elliott, Railroads, §§995, 1038.

The objection urged here against the eleventh instruction given at the request of the appellees is, that in referring to certain circumstances, which might be considered in assessing the damages, the court in this instruction failed to designate them expressly as matters shown by the evidence, and therefore virtually invited the jury to consider remote, conjectural, and fanciful damages. What we have said of the seventh instruction of the series proposed by the appellees is applicable to these objections.

In the fifteenth instruction, given at the request of the appellees, it was said that the appellant can hereafter lay any number of tracks it chooses on this right of way appropriated through the farm of the appellees, and can run any number of cars over such tracks, with-

out being required to render to the appellees any additional compensation or additional damages; and that if the jury believed from the evidence that there was a probability of the appellant's laying more tracks in the future on this right of way and running a greater number of cars over those tracks, and "if you believe that such additional tracks and cars would be an additional damage to the defendants, then you may properly consider such probability as an element of damage, and grant compensation therefor in your verdict." The only objection urged against this instruction is the same as the objection to the eleventh instruction above mentioned. The only portion of this instruction to which such objection is applicable is the omission of the words, "from the evidence," after the word "believe" in the portion of the instruction quoted above. While such words thus omitted would have been proper, yet we are unable to conclude that the jury would probably be misled by such omission. What we have said in considering the seventh instruction is also applicable here.

It was proper to consider in this proceeding all damages present and future arising from the proper construction and operation of the railroad. Such damages not 7. recovered in this proceeding could not be recovered in a subsequent action. By this proceeding the appellant obtains the right, as against the appellees, to construct additional tracks on its right of way now acquired, and the right to run any number of cars which it may find it profitable or convenient to run in the proper management of its business as an interurban railroad running through and connecting many towns and cities. At the time of the awarding of damages by the jury there could be no certainty as to the number of tracks, or as to the number and location of side-tracks or switches on the right of way upon the land of the appellees, or as to the number of cars that will be used, but there was a certainty that a right was being acquired which constituted a certain present

effect on the value of the real estate, and the compensation to the landowners must be made now, if ever. The amount of that compensation was dependent upon the probabilities, shown by the whole evidence, as to the extent of the injury. See *White* v. *Chicago, etc., R. Co.* (1890), 122 Ind. 317, 7 L. R. A. 257.

By the sixteenth instruction, given at the request of the appellees, the court stated that the appellees "have no right to lay water-pipes or to construct private drains across plaintiff's right of way without plaintiff's consent. This fact may properly be considered by you in fixing the amount of defendants' damage by reason of this appropriation by plaintiff, if you believe it would have any effect upon the amount of such damage." With regard to the omission of the words, "from the evidence," after the word, "believe," we may refer to what we have said concerning such omission in other instructions. This instruction is criticised by the appellant as not sufficiently confining the jury to the consideration of such pipes and drains as were shown by the evidence to be reasonably and properly necessary in the use of the land for farming purposes. In other instructions, the jury were directed, in effect, to consider the difference caused by the appropriation between the cash market value of the land immediately before the appropriation and its cash market value immediately thereafter; to consider the farm as it then was, the uses to which the appellees were putting it and to which it was adapted at the time of the appropriation; and the jury were told that the damages should be assessed for the farm as a whole, and that the fair value of the land at the time of the appropriation was the amount for which it would have sold, in a body, at that time, etc.; and, under the instructions as a whole, the jury cannot reasonably be supposed to have regarded themselves as at liberty to consider the reference to pipes and drains in the sixteenth in-

struction as intended to apply to uses other than for farming purposes.

The court refused an instruction asked by the appellant as follows: "Verdicts are sometimes spoken of as 'compromise verdicts.' It is perfectly proper, and, indeed, it is his duty, for each juror to be open to the influence of such arguments and reasons advanced by his fellow jurors as shall appeal to his intelligence and understanding, but it is not right for any juror, while holding an intelligent belief on any matter material to the issue, based on his understanding of the evidence in the case, to agree to a verdict which does violence to such belief. A compromise verdict which does violence to a candid belief of any juror derived from the evidence is an unjust verdict."

The only question in dispute was that relating to the amount of damages, and whatever may be said as to the correctness of the statements in the instruction thus refused, there could be no error in the refusal sufficient to warrant the reversal of the judgment, inasmuch as the court, in another instruction given at the request of the appellant, told the jury that the burden of proof being on the appellees, if the evidence as to any given amount of damages was equally balanced, the verdict as to such an amount should be against the appellees, and that the jury in their deliberations should agree upon and find no damages for the appellees until they could agree and find that a preponderance of all the evidence in the case sustained and justified them in believing that a particular sum would be a fair measure of compensation and damages to which the appellees were entitled.

We do not find any available error. Judgment affirmed.