# The Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* Griswold.

[No. 7,503. Filed March 27, 1912. Rehearing denied June 28. 1912. Transfer denied November 27, 1912.]

1. Pleading.—*Complaint.*—*Determination of Sufficiency.*—The sufficiency of a paragraph of complaint cannot depend on the construction of a written agreement that is neither set out in the complaint nor filed therewith as an exhibit, nor on any constructions that may be placed on the evidence introduced in its support, either written or oral, but its sufficiency must be determined from its own averments. p. 501.

2. Easements.—*Easement Running With the Land.*—*Complaint.*—*Sufficiency.*—In an action against a railroad company for the destruction of a passageway under its tracks, a paragraph of complaint alleging that defendant's tracks cross plaintiff's farm, that when defendant and its predecessors acquired the right of way, plaintiff's father, who then owned the farm, reserved for the use of said real estate for himself, his heirs and assigns, a perpetual right to a passageway under the railroad track, that such passageway has been used continuously by plaintiff and his immediate and remote grantors up to the time of its destruction by defendant, and that defendant has wholly destroyed same, shows an easement running with the land and is sufficient to withstand a demurrer. p. 502.

3. Eminent Domain.—*Assessment of Damages.*—*Scope.*—Damages assessed in condemnation proceedings for a railroad right of way, although assessed as of date of the appropriation, include all damages of every character which might reasonably be expected to result from the appropriation and construction of the road in a proper and lawful manner, but are not presumed to include damages resulting from negligent construction of the road, or from improper enroachments on land outside of the right of way. pp. 502, 503.

4. Railroads.—*Right of Way.*—*Deed.*—*Effect.*—A deed of land for a railroad right of way, like the assessment of damages in condemnation proceedings, is presumed to include all damages arising from the proper construction of the road. p. 503.

5. Easements.—*Easement by Prescription.*—*Drainage of Surface Water.*—*Obstruction.*—*Complaint for Damages.*—*Sufficiency.*—A complaint showing that plaintiff acquired an easement by prescription to maintain a ditch, in a passageway under defendant's

railroad, for the drainage of his farm, and that defendant had destroyed the ditch by closing the passageway, to the injury of plaintiff, states a cause of action. p. 504.

6. EMINENT DOMAIN.—*Assessment of Damages.*—*Easement by Prescription Under Railroad Right of Way.*—Damages resulting from the destruction of an after acquired easement by prescription for the maintenance of a drainage ditch under defendant's railroad right of way, are not within the rule that the assessment of damages in the original condemnation proceedings includes all damages of every character which might reasonably be expected to result from the appropriation and construction of the road in a proper and lawful manner. p. 504.

7. WATERS AND WATERCOURSES.—*Drainage of Surface Water.*—*Action Against Railroad.*—*Damages.*—*Complaint.*—*Sufficiency.*—A paragraph of complaint in an action for damages against a railroad company, alleging that defendant in the reconstruction of its roadbed had excavated ditches along and upon its right of way across and beyond plaintiff's farm, whereby large quantities of water, not accustomed to flow upon plaintiff's land, were accumulated and poured thereon, but not averring any negligence in the construction of such ditches, or that they carried any water other than was necessary for the proper drainage of defendant's right of way, or that defendant had failed to provide an outlet for such water, was insufficient to state a cause of action, since it showed only such damages as were included in the original assessment of damages in the condemnation of the land for a right of way. pp. 504, 506.

8. WATERS AND WATERCOURSES.— *Surface Waters.*— *Railroads.*— While a railroad company has a right to lower the grades of its tracks, and to dig ditches to convey water off its right of way, it may not turn such water onto the lands of an adjacent owner, except by authority of law or under contract, where it imposes a burden on such lands. p. 505.

9. EASEMENT.—*Private Railroad Crossing.*—*Contract.*—*Construction.*—*Easement Appurtenant or in Gross.*—A contract between a landowner and a railroad company, whose right of way extended across his land, providing in section three that such landowner should have a perpetual right for himself and his stock to the use of a passageway under the track, and, in sections four and five, providing for a lane on either side of the track and for a private crossing over such track, and providing in the sixth section that the rights and privileges granted in the fourth and fifth sections should not continue beyond the time when such landowner ceased to own such farm, granted an easement, by its third section, which was appurtenant to the land and not merely personal to the then owner. pp. 507, 509.

Cleveland, etc., R. Co. *v.* Griswold—51 Ind. App. 497.

10. EASEMENTS.—*Construction.*—An easement is never presumed to be in gross, or a mere personal right, when it can be fairly construed to be appurtenant to some other estate.   p. 509.

11. EASEMENTS.—*Grant.—Construction.*—In construing an instrument creating an easement, the intention of the parties, as ascertained from an examination of all the material parts of the instrument, must govern.   p. 509.

12. EASEMENTS.—*Grant.—Sufficiency.*—Under §3960 Burns 1908, §2929 R. S. 1881, providing that the words "heirs and assigns of the grantee" shall not be necessary to a deed to create in the grantee an estate of inheritance, the word "heirs" is not essential in the grant of an easement to make the same an easement appurtenant to the land.   p. 509.

13. EASEMENT.—*Easement Acquired by Grant or Reservation.— Nonuser.—Effect.*—An easement acquired by actual grant or reservation cannot be lost by nonuser.   p. 510.

14. APPEAL. —*Review. —Instructions. —Pleading and Evidence. — Damages.*—Where the theory of the pleadings and the evidence was that the damages for which recovery was sought were permanent, an instruction that if plaintiff had not sustained permanent injuries, but had sustained temporary injury, he was entitled to such damages as the evidence showed he had sustained, was erroneous.   p. 510.

15. APPEAL.—*Review.—Judgment.—Damages.*—Where, in an action for damages, the paragraphs of complaint that were sufficient were upon the theory of permanent damages, and all the evidence was upon that theory, and it conclusively appears from the record that, of the judgment for $4,500, $4,000 is predicated on the good paragraphs of complaint, is sustained by proof, and was in no way affected by error in overruling the demurrer to a bad paragraph of complaint and in giving an instruction authorizing damages for temporary injuries, and the cause has been tried twice, the ends of justice are best served by ordering a remittitur of the excess, rather than a reversal of the cause.   p. 511.

From Hendricks Circuit Court; *J. L. Clark,* Judge.

Action by James T. Griswold against The Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed* conditionally.

*Solon A. Enloe, George T. Pattison* and *Frank L. Littleton,* for appellant.

*Brill & Harvey* and *Spencer & Spencer,* for appellee.

HOTTEL, J.—This action was instituted by appellee against appellant, to recover damages on account of a trespass on the lands of appellee in changing the grade of a track on the old right of way of appellant across the lands of appellee, and involving the destruction of a subway and drainage system on said lands.

The complaint was in four paragraphs, a demurrer to each of which was overruled, and exception saved by appellant. The only answer was a general denial.

The case was tried before a jury, which found for appellee in the sum of $5,000. Answers to interrogatories were filed with the verdict, and on motion of appellee said amount of the verdict was reduced to $4,500, for which sum judgment was rendered after a motion for new trial had been overruled.

Appellant relies on the following errors: (1) In overruling separate demurrers to the first, second, third and fourth paragraphs of the amended complaint; (2) in overruling appellant's motion for a new trial.

Omitting the formal parts, appellee's first paragraph of amended complaint alleged, in substance, that appellant's railroad runs almost due east and west near the center of and through a 127-acre tract of real estate belonging to appellee, situated in Hendricks county, Indiana; that said real estate is used as one farm, with buildings thereon suitable for farming purposes, "consisting of a dwelling-house, stock barns, hog houses and other necessary buildings; that said farm is a grain and stock farm in a high state of cultivation; that when appellant and its predecessors acquired said right of way and constructed its railroad thereon, John N. Griswold, father of appellee, owned said farm, and he then reserved *for the use of said real estate* for himself, his heirs and assigns, a perpetual right to a passageway under said railroad track through a large wooden culvert or subway, ten feet in width, and six feet in height up to the superstructure, which was not to be

reduced in width to less than eight feet; that said passage-way permitted the appellee and his employes and his stock to pass north and south from one side of said farm to the other under said railroad tracks and across said right of way "without interruption or inconvenience to the persons or stock so passing and was a right retained and given to said owner and reserved by him for the use and benefit of said farm;" that such passageway has been so used continuously by appellee and his immediate and remote grantors since 1871, up to the time of the destruction thereof by appellant, as hereinafter set out; that on August —, 1907, appellant, by its servants, entered on said premises, and tore out and destroyed said subway, and filled up the space with dirt so as to form a solid wall, through which were placed two cast-iron pipes, about thirty inches in diameter, all of which acts were done over the objection and protest of appellee; that said passageway through said culvert was of great value to appellee's said farm, and appellant by "wrongful and unlawful removing   *   *   *   and destroying said culvert and subway damaged appellant in the sum of $2,000."

In its brief, under its "Points and Authorities," appellant has not pointed out any objections to the first paragraph of the complaint, or indicated wherein its

1.  averments are insufficient, but counsel, in discussing this paragraph, address their remarks entirely to the effect of the written agreement entered into between appellant's predecessor and appellee's remote grantor in settlement of condemnation proceedings, said agreement being relied on by appellee as providing for the easement in said subway.  In fact, in their reply brief counsel say: "The sufficiency of the first paragraph of complaint depends upon the interpretation of the alleged easement and as to whether it was a personal one (or one) that goes with the land." Said written agreement is not set out in said paragraph of complaint, nor is a copy thereof filed with the same as

an exhibit. The sufficiency of said paragraph cannot therefore depend on the construction to be given to said agreement, and appellant's said objections are, in effect, objections to the sufficiency of the evidence offered in support of the averments of said paragraph. The proof of the paragraph does depend on the construction or interpretation to be placed on the easement created by said agreement made in settlement of said condemnation proceedings, which was the only evidence offered in support of the easement alleged in this paragraph.

The complaint, however, must be judged by its own averments and its sufficiency determined therefrom, and cannot depend on any construction or intrepretation that 2. may be placed on the evidence introduced in its support, either written or oral. We think the averments of this paragraph good as against the objections urged, and sufficient to show an easement running with the land, and therefore a right of action in appellee.

As to paragraphs two, three and four, it is insisted, in effect, that they are insufficient, for the reason that appellant by its proceedings in condemnation and the said compromise agreement made thereunder, acquired the right to do the things charged in each of said paragraphs without being answerable in damages.

The principles of law applicable to the question presented by this objection may be summed up as follows: Damages are assessed in condemnation proceedings once for 3. all, and they are assessed as of the date of the appropriation. All damages of every kind and character, which might reasonably be expected to result from the appropriation and construction of the road in a proper and lawful manner, are treated as included in such original assessment. *Cleveland, etc., R. Co.* v. *Doan* (1911), 47 Ind. App. 322, 94 N. E. 598; *New Jersey, etc., R. Co.* v. *Tutt* (1907), 168 Ind. 205, 209, 80 N. E. 420; *Cleveland, etc., R. Co.* v. *Smith* (1912), 177 Ind. 524, 97 N. E. 164, 172; *Indi-*

*ana, etc., R. Co.* v. *Allen* (1885), 100 Ind. 409, 414, 415; *Rehman* v. *New Albany, etc., R. Co.* (1893), 8 Ind. App. 200, 210, 213, 35 N. E. 292; *White* v. *Chicago, etc., R. Co.* (1890), 122 Ind. 317, 329, 23 N. E. 782, 7 L. R. A. 257; *Union Traction Co.* v. *Pfeil* (1906), 39 Ind. App. 51, 57, 78 N. E. 1052; *Roushlange* v. *Chicago, etc., R. Co.* (1888), 115 Ind. 106, 111, 17 N. E. 198.

"As in condemnation proceedings it is presumed that the assessment of damages includes all damages proper to be assessed, so, deeds of rights of way are presumed to include all damages arising from the proper construction of the road. The price agreed upon is presumed to be the same that the commissioners would have arrived at on an assessment of damages. Mills, Eminent Domain (2d ed.) §110; *Chicago, etc., R. Co.* v. *Smith* [1884], 111 Ill. 363. * * * Such assessment of damages will not be presumed to cover damages resulting from the negligent construction of the road, or any portion of it, nor damages resulting from improper encroachments on the land outside of the right of way." *Roushlange* v. *Chicago, etc., R. Co., supra,* 108.

In the case of *White* v. *Chicago, etc., R. Co., supra,* the Supreme Court said at page 327: "The presumption is that every injury which, in judgment of law, would result to the other adjacent property of the owner from taking a part of his land for the construction of the road, and from the use of it in a proper manner when constructed, was foreseen by the appraisers, and included in their first estimate. The award made by the statutory tribunal is exhaustive; and the land-owner cannot maintain an action for damages which should have been but were not assessed and allowed in that proceeding; even though he claimed them there, and they were erroneously disallowed."

The second paragraph of appellee's complaint differs from the first, in that it proceeds on the theory that appellee and his immediate grantor had acquired an easement by

prescription to maintain under said culvert the main ditch or tile of the drainage system used to drain the farm described; that appellant committed a trespass on said easement by closing up the subway in the manner set out in said first paragraph, and thereby closed up and so injured, destroyed and stopped up the drain tile as to cause the water flowing into the same to back up, and thereby greatly injure appellee's farm, to his damage in the sum of $2,000. The averments of this paragraph show appellee's prescriptive right to the easement in question, describe its location, set forth the acts of appellant which constitute a violation of appellee's rights, and allege the latter's injury. A cause of action is thus stated. 14 Cyc. 1220 *et seq.* The averments showing that appellee had since the original condemnation proceedings acquired a prescriptive right to drain his land through said subway under appellant's road, which appellant had, by its new appropriation, destroyed, are sufficient to take the paragraph out of the operation of the rule announced in the cases cited, and we think make the paragraph sufficient as against said objections. *Lake Erie, etc., R. Co.* v. *Hilfiker* (1895), 12 Ind. App. 280, 281, 40 N. E. 80; 14 Cyc. 1220 *et seq.*

The third paragraph of complaint presents a more serious question. This paragraph omits all reference to the subway, and proceeds on the theory that appellant "entered upon said premises, and altered, reconstructed and rebuilt their grade roadbed, and track, and built and excavated along and upon their right of way wide and deep side ditches extending both east and west across and far beyond plaintiff's farm, and thereby accumulating and carrying large quantities of water that were not once wont and accustomed to flow therein, and on account of said side ditches being so constructed as aforesaid and there being no proper and sufficient passageway or culvert constructed

through and across said right of way for said water to
pass and flow, they did carry great amounts of water and
wrongfully poured and emptied the same onto plaintiff's
land, and wrongfully caused the same to overflow and wash.''
It will be observed that these averments show that the side
ditches were built on appellant's right of way, and there is
no negligence charged in their construction, and no aver-
ments showing that they gathered or carried any quantities
of water other than such as were necessary for the proper
drainage of appellant's right of way. It is true, that it is
averred that said side ditches accumulated large quantities
of water that were not once wont and accustomed to flow
therein, but so far as the averments of this paragraph show,
this may have resulted necessarily from the reconstruction
and the rebuilding of the roadbed and track, and the proper
and necessary drainage of the same, and any damages re-
sulting therefrom were, therefore, in the absence of aver-
ments showing negligence in the disposition of said water,
under the authorities cited, included in the original assess-
ment of damages.

While it is true, as indicated by the authorities cited,
that where land is acquired for railroad purposes, a rail-
road may use the land for any lawful purpose in
8. connection with its railroad business, yet such right
is subject to the limitation that such use by the rail-
road company shall not place an additional burden on
abutting land. Appellant had a right to lower the grade
of its tracks, and to dig ditches to convey water off its right
of way, but not to turn it on the lands of appellee. An
artificial waterway may not be constructed or maintained,
except by authority of law, or under a contract, in any case
where it imposes a burden on the property of an adjacent
owner. *Baltimore, etc., R. Co.* v. *Quillen* (1904), 34 Ind.
App. 330, 336, 72 N. E. 661, 107 Am. St. 183; *Culbertson* v.
*Knight* (1899), 152 Ind. 121, 125, 52 N. E. 700; *Central,*

*etc., R. Co.* v. *Windham* (1899), 126 Ala. 552, 28 South. 392; *New York, etc., R. Co.* v. *Jones* (1901), 94 Md. 24, 37, 50 Atl. 423.

Appellant in changing the grade and reconstructing and rebuilding its right of way had the right, under these authorities, properly to drain the same, so long as such drainage was provided on its own right of way, and it had this right even to the extent of deepening and extending its side ditches in either direction, and thereby collecting water that before was not wont to flow therein, and for the collection of such water, as long as it was not carelessly and negligently done, appellant, under said authorities, would not be liable for damages, subject, however, to the condition that the collecting of such excess of water imposed on appellant the duty of providing a proper and sufficient means for its disposition, so that, after being so collected, it would not be poured on the lands of any adjoining landowner in great and unusual quantities. *Lake Erie, etc., R. Co.* v. *Hilfiker, supra; Central, etc., R. Co.* v. *Windham, supra; Roushlange* v. *Chicago, etc., R. Co., supra; St. Louis, etc., R. Co.* v. *Anderson* (1896), 62 Ark. 360, 365, 35 S. W. 791; *New York, etc., R. Co.* v. *Jones, supra.*

In fact, this third paragraph apparently proceeds on the theory that the side ditches were properly constructed, and not negligently constructed, so as to carry quantities of water in excess of that necessary for the proper drainage of the track and roadbed, but that "on account of said ditches being so constructed as aforesaid, *there being no proper and sufficient passageway or culvert* constructed through and across said right of way for said water to pass and flow [through]," that "they did carry large amounts of water and wrongfully poured and emptied" it on appellee's lands. There is no allegation whatever connecting the overflow of the water, or the damage done thereby, with the closing of the subway, as averred in the second and fourth paragraphs, nor is there any aver-

ment that appellant closed any existing outlet in which appellee had any right or easement, either contractual or prescriptive, or that it failed to provide any proper and sufficient outlet for the water so collected in said side ditches. There is an absence of any affirmative averments showing negligence in collecting the water in the first instance, or in failing to provide an outlet for its disposition. Any damage done by such excess of water was therefore covered by the original condemnation. The only averments that could be construed to show negligence, are the averments, *supra,* showing the collection of the water in the manner averred, *"there being no proper and sufficient passageway or culvert constructed* through or across said right of way for said water"*, etc. The negligent act resulting in injury in such case cannot be said to be the proper collecting of the water, where nature has failed to provide an outlet, but it is the failure of the party so collecting the water to provide the outlet, and there is in this paragraph no such negligent failure averred.

We are of the opinion, therefore, that the demurrer to this paragraph should have been sustained.

While the fourth paragraph is open to doubt, we are inclined to think that its averments are sufficient as against said objection.

We now discuss the interpretation and construction to be placed on the contract entered into between John N. Griswold, appellee's remote grantor, and appellant's predecessor, the Indianapolis and St. Louis Railroad Company, under which appellee claims the easement in said subway averred in his first paragraph of complaint. This contract was made in 1870, by way of compromise and settlement of the condemnation proceedings instituted by appellant, and then pending in the Marion Circuit Court. Said agreement of settlement gave to appellant the right of way in question for the consideration therein expressed, and subject to certain conditions and provisions contained

therein. Said provisions in said agreement, important and controlling in this case, are as follows: The third section of said agreement provided that whereas "the party of the first part [appellant's predecessor] has built a culvert across a watercourse on said land, it is agreed that the party of the second part [appellee's grantor] shall have a perpetual right, for himself and his stock, to pass and repass under said culvert and across said right of way, in a right line, by a way, at least ten feet wide and in height, up to the super-structure and not to be reduced in width to less than eight feet unless in proper construction above abutment, inside of the present wooden ones, then shall remain less than eight feet wide, in which case the largest possible space, *and sufficient for the passage of stock*, shall be left between the abutments aforesaid."

The fourth provision of said agreement provides for a lane on either side of appellant's right of way, to be fenced off and used by said Griswold in connection with said subway until the railroad company, in its judgment, shall need such strip for its own purposes, at which time said Griswold agreed to remove said fence so as to make such lane on his own land. The fifth paragraph provides for a private way or crossing over said railroad track for said farm, to be used subject to certain conditions therein provided. Section six of said agreement provides that "the right, privileges and responsibilities involved in the fourth and fifth paragraphs shall not continue beyond the time when the party of the second part shall cease to own said farm," except on renewal as therein provided.

Appellant's contention is that the provisions in said agreement created in said Griswold a right personal to him and not appurtenant to the land. In determining the interpretation to be placed on said contract, as affecting said question, we must keep in mind certain rules heretofore declared by our Supreme Court, among which are the following: (1) An easement is never presumed to be in gross, or

a mere personal right, when it can be fairly construed to be appurtenant to some other estate. *Sanxay* v. *Hunger* (1873), 42 Ind. 44. (2) In determining the construction to be placed on the instrument creating the way, the intention of the parties thereto must govern, and such intention must be ascertained from an examination of all the parts of the instrument material to the question.

The sixth section of the agreement, *supra,* specifically refers to and undertakes to limit certain rights, privileges and responsibilities contained in sections four and five, *supra,* the first of which gave said John N. Griswold certain privileges of approach to the way in question, while the other provided for a different way over, and not under, the track of appellant's predecessor, and for certain other privileges and responsibilities not here involved. In no part of the instrument is any limitation put on the operation of section three thereof creating the easement in question, but taking the language of the instrument entire, it clearly indicates that it was the intention of the parties to create or reserve by said section three an easement appurtenant to the land, without in anyway restricting the use or enjoyment thereof to the then owner.

Appellant, however, contends that "heirs" or other words of inheritance were necessary to the grant to create an easement appurtenant to the land. Section 3960 Burns 1908, §2929 R. S. 1881, provides that the words "heirs and assigns of the grantee" shall not be necessary to a deed to create in the grantee an estate of inheritance.

In construing a similar statute in *Karmuller* v. *Krotz* (1865), 18 Iowa, 352, the supreme court of Iowa, on page 358, declared the reasonable inference to be "that the use of the words, *heirs or assigns* would not be absolutely essential in order to make the right of way in question appurtenant to the land." To the same effect are the following cases: *Barkhausen* v. *Chicago, etc., R. Co.* (1910), 142

Wis. 292, 298, 124 N. W. 649, 125 N. W. 680; *Webb* v. *Jones* (1909), 163 Ala. 637, 644, 50 South. 887; *Teachout* v. *Capital Lodge, etc.* (1905), 128 Iowa 380, 384, 104 N. W. 440; *Stovall* v. *Coggins Granite Co.* (1902), 116 Ga. 376, 380, 42 S. E. 723; *Kramer* v. *Knauff* (1882), 12 Ill. App. 115, 118; *Beinlein* v. *Johns* (1898), 102 Ky. 570, 578, 44 S. W. 128.

Appellant further suggests that the evidence shows that the subway in question had not been in use for at least eighteen years. This statement is not entirely warranted by the evidence, but, even if true, this could not operate to defeat appellee's right of way, for an easement acquired by actual grant or reservation cannot be lost by mere nonuser. *Kammerling* v. *Grover* (1894), 9 Ind. App. 628, 631, 36 N. E. 922; *New England Structural Co.* v. *Everett Distilling Co.* (1905), 189 Mass. 145, 153, 75 N. E. 85; *Andrus* v. *National Sugar Refining Co.* (1904), 93 App. Div. 377, 378, 87 N. Y. Supp. 671; *Richmond* v. *Bennett* (1903), 205 Pa. St. 470, 471, 55 Atl. 17. We are of the opinion that, under the authorities cited, the easement created by said agreement of settlement of said condemnation proceedings was appurtenant to the land, and the first and second paragraphs of the complaint were sustained by the evidence.

We next consider instruction five, given by the court of its own motion. This instruction is on the measure of damages, and concludes as follows: "Or if the plaintiff has not sustained permanent injuries by such collecting and drainage of water onto his farm but has sustained temporary injury thereby, then you may award him such damages therefor as the evidence shows he has sustained in the depreciation of the rental value of his real estate from the time of the collecting and drainage of such water onto his farm up to this time." Appellant insists that the theory of each paragraph of complaint is for permanent damages, and in its reply brief says, in effect, that

inasmuch as "no evidence was offered as to diminished rental the jury had no basis for fixing damages other than permanent." Appellee in his brief says: "The damages sued for are for permanent damages. All of the evidence was introduced upon that theory, and sustained the theory of permanent damages, and there is no evidence in the record that is not contradicted which shows that said damages are not permanent." The case having been tried, as conceded by both appellant and appellee, on the theory that the damages averred and sustained by appellee were permanent, and the evidence having been so limited, as is also conceded by both parties, said instruction was erroneous. We deem it unnecessary to discuss the other questions presented by this appeal. The case must be reversed on account of the errors in overruling the demurrer to said third paragraph of complaint, and the giving by the court of said instruction five, unless we can say that the verdict of the jury is in no way affected by said errors. The verdict of the jury herein was for $5,000, $500 of which sum was remitted by appellee, and judgment rendered for the balance, viz., $4,500. It clearly appears from the answers of the jury to the interrogatories propounded to it, that $2,000 of said sum represented damages resulting from the destruction of bridge No. 23, and the loss of its use as a subway, which the evidence shows to be the bridge and subway referred to in the first paragraph of the complaint. Such answers also show that $2,000 of said sum contained in said verdict is represented by damages occasioned by the breaking of or interference with the drain tile at or near bridge No. 23, which is the drain tile mentioned and covered by the second paragraph of appellant's complaint. It conclusively appears, therefore, that at least $4,000 of the verdict returned by the jury is predicated on paragraphs one and two of the complaint, which, under the authorities herein cited, we think are entirely sufficient to withstand the ob-

jections urged against them, and the damages therein averred, and proven thereunder, were necessarily permanent.

We think, therefore, that the error of the court in overruling the demurrer to said third paragraph of complaint, and in giving said instruction five, could have in no way affected the $4,000 items which went into the verdict. As to the additional $500 represented by the verdict, we cannot say that it may not have been influenced by said erroneous rulings.

It appears from the evidence in this case that it has been twice tried. It appears, also, we think conclusively, that a remittitur by appellee of $500 will cure any possible harm resulting not only from said erroneous rulings of the court above discussed, but also any other possible error complained of which may have resulted in harm to appellant, and that the ends of justice will be best served by affirming the judgment below, subject to the condition that appellee file a remittitur of said sum of $500.

The judgment is therefore affirmed at the costs of appellee, subject to the condition that appellee will within sixty days from this date enter a remittitur of $500 of the judgment rendered by the lower court as of the date of the judgment below; otherwise the judgment is reversed at the costs of appellee, and the cause remanded for a new trial.

Note.—Reported in 97 N. E. 1030. See, also, under (2) 14 Cyc. 1221; (4) 33 Cyc. 161; (7) 40 Cyc. 653; (8) 40 Cyc. 643; (9) 15 Cyc. 1140, 1160; (10) 14 Cyc. 1141; (11) 14 Cyc. 1160; (12) 14 Cyc. 1165; (13) 14 Cyc. 1187; (14) 38 Cyc. 1612; (15) 3 Cyc. 436. As to elements of damages allowable in proceedings in the exercise of the power of eminent domain, see 85 Am. St. 291. As to the right of one landowner to accelerate or diminish the flow of water to or from the lands of another, see 85 Am. St. 705.